# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN, | CASE NO. CV-F-04-5215 REC DLB P |
| Plaintiff, | **ORDER TO SHOW CAUSE RE DISMISSAL OF DECEASED DEFENDANT** |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff David Brown ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed on February 2, 2004. On January 6, 2006, the court directed the United States Marshal to initiate service on defendants. On January 16, 2006, the Marshal returned the summons and USM-285 forms as to defendant Dr. Klarich who is deceased. Plaintiff has not moved to substitute Dr. Klarich's estate as a party, nor provided the name and address of the representative for service on the of the estate.

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order

of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, plaintiff was informed that Dr. Klarich was deceased but plaintiff has failed to move to substitute the estate as a defendant nor has plaintiff provided the identity or address of the representative for service on the estate. Pursuant to Rule 4(m), the court will provide plaintiff with the opportunity to show cause Dr. Klarich should not be dismissed, without prejudice, on the ground that the Marshal was unable to serve Dr. Klarich based on the information provided by plaintiff. Plaintiff must move to substitute Dr. Klarich's estate as a defendant and provide the Court with the information necessary to serve the estate. Failure to do so will result in dismissal of Dr. Klarich as a defendant in this aciton.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, plaintiff shall show cause why Dr. Klarich should not be dismissed from this action without prejudice pursuant to Rule 4(m); and

2. The failure to respond to this order or the failure to show cause will result in a recommendation that Dr. Klarich be dismissed from this action.

IT IS SO ORDERED.

Dated:   **March 30, 2006**        **/s/ Dennis L. Beck**
3b142a                              UNITED STATES MAGISTRATE JUDGE