IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN, | CASE NO. CV-F-04-5215 AWI DLB P |
| Plaintiff, | **ORDER RE PLAINTIFF'S MOTION TO COMPEL** |
| | **[DOC. # 57]** |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff David Brown ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed on February 2, 2004. On June 19, 2006, the Court issued a Discovery and Scheduling Order setting the discovery deadline for January 26, 2007 and the dispositive motion deadline for March 26, 2007. On August 29, 2006, plaintiff filed a motion to compel defendants to produce documents requested in his first request for production of documents. Defendants filed an opposition on September 14, 2006 and plaintiff filed a reply on September 26, 2006.

Plaintiff moves to compel further response to Request No. 3: "All classification chronos (CDC 128-C) starting from April 29, 1992 to the present for a total of 14 classification chronos." Defendants objected to the request as overly broad and not reasonably calculated to lead to the discovery of

1  admissible evidence. Defendants also advised plaintiff that classification chronos are part of his CDCR
2  central file, which is available to him for inspection. In his motion filed on August 29, 2006, plaintiff
3  claims that he has not been allowed to review his records or obtain copies.

4  With their opposition, defendants submit the declaration of plaintiff's correctional counselor C.
5  Nichols, who states that plaintiff reviewed his central file on September 5, 2007 (the court assumes Mr.
6  Nichols means September 5, 2006) and was provided copies of requested documents. In his reply,
7  plaintiff acknowledges that he was able to review his central file, but states that he was not given the
8  classification chronos he requested. He states that the documents provided to him were medical chronos.

9  That plaintiff may also have access to the requested documents is not a sufficient reason to
10 withhold production. Moreover, it appears that the documents plaintiff requests are not in his central
11 file.

12 This case is proceeding on plaintiff's claims under the American's with Disabilities Act and State
13 Law. Plaintiff alleges that in April 1992, he was classified as permanently disabled and unable to work
14 due to significant degenerative intervertible spinal disk disease. Plaintiff alleges that defendants violated
15 his rights under the ADA by failing to provide him a wheelchair and failing to accommodate his
16 disabilities in institutional housing. Plaintiff's classification chronos from April 1992 forward are
17 relevant to these claims. Accordingly, defendants are ordered to produce the documents to the extent
18 they exist.

19 As to plaintiff's request for "Medical transportation chronos from 2001 through 2005," plaintiff
20 concedes that he has not previously requested these documents in discovery and therefore withdraws the
21 motion as to this request.

22 Based on the foregoing, plaintiff's motion to compel production of documents is granted in part.
23 Within 30 days of this Order, defendants shall further respond to Request No. 3 by producing plaintiff's
24 classification chronos from April 29, 1992 to the present.

25 IT IS SO ORDERED.

26 Dated:  **March 9, 2007**          **/s/ Dennis L. Beck**
   3b142a                              UNITED STATES MAGISTRATE JUDGE