# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CDC, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:04-cv-5215-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 66)<br><br>OBJECTIONS DUE AUGUST 20, 2007 |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed October 22, 2004 against defendants in their officals capacties for violaiton of the Americans with Disabilties Act and on plaintiff's state law claims for medical malpractice. Plaintiff alleges that defendants violated his rights under the ADA by failing to provide him with a wheelchair and failing to accommodate his disabilties in institutional housing. Plaintiff also claims that defendants Viravathana, Friedman and Kim's treatment of his chronic pain constituted medical malpractice. On January 22, 2007, plaintiff filed a motion seeking an order prohibiting his transfer out of the Protective Housing Unit, where he alleges he is housed for "extreme security" concerns.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

Plaintiff's claims arise from alleged violations of the ADA based on the denial of a wheelchair and his medical treatment.  Because an order mandating that plaintiff remain in Protective Housing would not remedy the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff.  Therefore, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed January 22, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before August 20, 2007, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __July 21, 2007__           _____/s/ Dennis L. Beck_____
                                   UNITED STATES MAGISTRATE JUDGE